# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MAN MACHINE INTERFACE TECHNOLOGIES, LLC, a California corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>DELL INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: CV 11-03067-DMG (VBKx)<br><br>[Honorable Dolly M. Gee]<br><br>**STIPULATED CONFIDENTIAL PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Complaint Filed: April 12, 2011 |

## ORDER

For good cause showing, it appears to the satisfaction of the Court that this is a proper case for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to protect the confidential information of Plaintiff and Counter-Defendant MAN MACHINE INTERFACE TECHNOLOGIES, LLC ("Plaintiff"), Defendant and Counterclaimant DELL INC. ("Defendant") and nonparties, including nonparty witnesses as may be necessary during the litigation of this case.

1. In the course of this litigation any party or non-party who produces or is caused to produce discovery may designate as "Protected Information" all or any part of any discovery and other materials exchanged by the parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain (a) confidential, competitively sensitive, proprietary, financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information used in or relating to such party's business that is believed to be unknown or unavailable to the public; and (b) any other document or thing containing other information of such a nature as to be protectable under Rule 26(c)(i)(G) of the Federal Rules of Civil Procedure. For any Protected Information, the procedures set forth herein shall be employed, and the disclosure shall be subject to this Stipulated Confidentiality Protective Order ("Protective Order").

2. This Protective Order establishes two categories of Protected Information. Information in category one is referred to as "Category One CONFIDENTIAL INFORMATION". Information in category two is referred to as "Category Two CONFIDENTIAL INFORMATION".

3. Only information that concerns the producing party's trade secret information, costs of sales information, ongoing business plans, future business plans, future products, or other information of which the producing party has a good-faith basis to believe deserves a higher level of protection, shall be categorized as "Category One Counsel Only Confidential Information". All other Protected Information shall be categorized as "Category Two Confidential Information".

4. Any document or other tangible thing that contains Protected Information shall be labeled "Category One" or "Category Two CONFIDENTIAL INFORMATION", or markings of like import. For a document, such marking shall appear on each page of the document that contains Protected Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order and Local

Rule 79-5.1. Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the party by serving a written notification on the receiving party. In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Protected Information in accordance with Local Rule 79-5.1 by prominently marking such "Category One CONFIDENTIAL INFORMATION" or "Category Two CONFIDENTIAL INFORMATION", or a marking of like import. Notwithstanding such designations, Protected Information does not include information obtained from sources other than a party to this litigation. The designation of deposition transcripts shall be governed by Paragraph 11.

5. When a party produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing "Category One CONFIDENTIAL INFORMATION". After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

6. Protected Information shall be revealed only to appropriate Qualified Persons (defined in Paragraphs 7 and 8 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action.

7. Without prior written consent of the designating Party, no Protected Information materials (either original or copy) designated as "Category One Confidential Information" and no information contained therein, including any summaries made of such information, may be disclosed to any person other than to the following Qualified Persons:

    (a) Counsel for any named party in Civil Action No. CV11-03067-DMG (VBKx) and their members and associate attorneys, paralegals and staff;

    (b) A maximum of two management representatives of each party

who shall be identified in writing to all other parties;

(c) Subject to Paragraphs 9 and 10 below, experts and third party technical service contractors who are not presently employees of either party, or of any predecessor, parent or related company of either party, who are requested by counsel for the receiving party to furnish technical or expert services or testimony in connection with this litigation.

(d) Third party contractors involved solely in providing litigation support services, including but not limited to non-technical jury or trial consultants.

(e) The Court and its personnel whose duties require access to such materials.

(f) An officer before whom a deposition is taken, including court reporters and other persons involved in recording deposition testimony in this action by stenographic reporting or any other means.

(g) Any person who originally authored the document or previously received information or that document in the ordinary course of business but is not presently in possession of that document.

(h) Witnesses deposed in this action under the following circumstances: (1) any witness may be shown "Protected Information" in which the witness is identified as the originator, signatory, author, addressee, or recipient; and (2) any party selected by the designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

(i) Any other person agreed to in writing by the producing party or allowed through Court order.

8. In addition to the Qualified Persons of Paragraph 7, materials designated as "Category Two Confidential INFORMATION" may be disclosed to employees or agents of the receiving party to whom disclosure is reasonably necessary for this litigation.

9. Before any disclosure of Protected Information is made to an individual pursuant to Paragraphs 7(b), (c), (f), (g) and (h), counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain from the individual a declaration in the form of **Attachment A** hereto to comply with and be bound by its terms. A copy of each declaration in the form of **Attachment A** shall be provided to the producing party.

10. No Protected Information shall be shown to an expert or third party technical service contractor pursuant to Paragraph 7 until ten (10) days after the receiving party identifies the individual in writing to the producing party and provides the producing party with an executed **Attachment A** and a curriculum vitae. If the producing party, within ten (10) days of its receipt of written notice and an executed **Attachment A**, objects to such individual having access to any Protected Information, the individual shall be barred from such access for a thirty (30) day period commencing with the receipt by the producing party of a copy of the executed **Attachment A**. Within that thirty (30) day period, the parties shall meet and confer to resolve any such objections. If within that thirty (30) day period (i) the parties are unable to resolve their differences and (ii) the opposing party moves for a further Protective Order, then the Protected Information shall not be provided to said individual except by further order of the Court.

11. In connection with the taking of depositions in this action:

(a) Testimony or information disclosed at a deposition may be designated by a party or a non-party witness as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order and shall be treated as such.

Alternatively, a party or a non-party witness may designate testimony or information disclosed at a deposition as Protected Information by notifying the other parties, in writing, within thirty (30) days of receipt of the transcript of

the deposition, of the specific pages and lines of the transcript that are to be designated as Protected Information. Each party or non-party witness shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control.

Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the taking of the deposition until thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

(b) Only Qualified Persons under Paragraph 7 above, the deponent, and the court reporter shall be allowed to attend or have access to any portion of a deposition in which Category One CONFIDENTIAL INFORMATION is used or elicited from a deponent.

(c) If a party or non-party witness designates information as Protected Information on the record at a deposition, the court reporter, to the extent possible, shall segregate into separate transcripts information designated as Protected Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the Court may direct.

12. Nothing in this Order shall bar or otherwise restrict any counsel from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Information.

13. (a) The good faith designation of Protected Information shall, without further proof, entitle such material to the protection of this Protective Order. If such designation is questioned by any other party, then this Protective Order shall be without prejudice to the right of either party to bring before the Court the question of whether same is or is not of a suitable confidential nature.

(b) Inadvertent disclosure of Protected Information, without identifying the

same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly.

14. The filing of any document containing Protected Information shall be governed by paragraph 9 of the Court's Standing Order dated November 15, 2010.

15. Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected Information received hereunder. All copies of Protected Information received by others hereunder shall also be destroyed, except for any Protected Information contained within Court filings and retained by the Court. Notwithstanding the foregoing, counsel for the receiving party may retain a copy of Protected Information of a producing party, to the extent reflected or contained in such counsel's work product or in materials filed with the Court. Counsel, however, may retain such materials for their own reference and may not use them for any other purpose or disclose them to any other person.

16. Prompt written notice shall be given to any party who produced Protected Information hereunder, in the event that party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process or order. Such notice shall include a copy of such subpoena, legal process or order. Any persons seeking such Protected Information who take action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Information covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

\\\
\\\

IT IS SO ORDERED.

Dated: September 19, 2011      _____/s/_____
                                                  U. S. Magistrate Judge

Submitted by:

Robert A. Schroeder (SBN 73913)
robert.schroeder@usip.com
Elizabeth L. Swanson (SBN 150894)
elizabeth.swanson@usip.com
SHELDON MAK & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Attorneys for Plaintiff/Counter-Defendant
Man Machine Interface Technologies, LLC

Gail J. Standish (SBN 166334)
gstandish@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant/Counterclaimant Dell Inc.

**Attachment A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MAN MACHINE INTERFACE TECHNOLOGIES, LLC, a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DELL INC., a Delaware corporation,<br><br>　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: CV 11-03067-DMG (VBKx)<br><br>[Honorable Dolly M. Gee]<br><br>**DISCOVERY MATTER** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

　　I, _____, hereby acknowledge that I am about to receive Protected Documents and information as defined in the Stipulated Protective Order agreed to by the parties and entered by the Court in this case. I acknowledge also that the Protected Documents and information are being provided to me pursuant to the terns and restrictions of the Stipulated Protective Order, that I have been given a copy of the order, that I have read it and that I understand my obligations under it.

1  I hereby agree to be bound by the terms of the Stipulated Protective Order and
2  to treat all Protected Documents and information, including any copies or notes
3  relating thereto, in accordance with the terms of the Stipulated Protective Order and
4  to disclose those materials to, or discuss with the content of those materials with,
5  only those persons permitted by the Stipulated Protective Order to receive such
6  material.

7  I further agree to return on request all materials containing Protected
8  Documents and information, copies thereof, and notes that I have prepared relating
9  thereto, to outside counsel for the party by whom, or on whose behalf, I have been
10 am retained.

11 I hereby submit to the jurisdiction of the U.S. District Court for the Central
12 District of California for the purpose of enforcement of the Stipulated Protective
13 Order and, solely for that purpose, I waive any and all objections to jurisdiction and
14 venue in that court.

15 I declare under penalty of perjury under the laws of the State of California and
16 of the United States that the foregoing is true and correct and that this agreement was
17 executed by my hand on _____ at _____.

_____
Signature

_____
Printed Name

_____
Company Name

_____
Address

_____
Phone

**STIPULATED CONFIDENTIAL PROTECTIVE ORDER**